UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

EIHAB H. TAWFIK, M.D., P.A.,

Debtor.

_____/

CASE NO.: 3:18-bk-01164-JAF
CHAPTER 11

Emergency Hearing Requested on or before
Friday, April 13, 2018

### DEBTOR'S EMERGENCY MOTION
### FOR AUTHORITY TO USE CASH COLLATERAL AND
### REQUEST FOR EMERGENCY PRELIMINARY HEARING

**EIHAB H. TAWFIK, M.D., P.A.,** ("Debtor") by and through its undersigned counsel, hereby files this motion seeking entry of an interim order, substantially in the form attached hereto as **Exhibit "B"** (the "Interim Order") authorizing the Debtor's use of cash collateral (as defined in section 363(a) of the Bankruptcy Code, "Cash Collateral") pursuant to 11 U.S.C. §§363(c)(2) and 363(e) and Federal Rule of Bankruptcy Procedure 4001(b)(1), and in support thereof states:

### Background

1. On April 11, 2018 (the "Petition Date"), the Debtor filed its petition for relief under Chapter 11 of Title 11 of the United States Code ("Code"). Debtor continues to operate its business and manage its property as a debtor-in-possession under §§ 1107 and 1108 of the Code.

2. Debtor owns and operates medical clinics in five locations in the Central Florida area. Those locations are located in Crystal River (2 locations), Celebration, Ocala, and Spring Hill. The clinics provide patients with services including, but not limited to, internal medicine, urgent care, cardiology, diabetes treatment, podiatry, full imaging services and pain management. The Debtor's business and revenue is generated from claims submitted to Medicare (60% of revenue), Medicaid (30% of revenue) and private insurance (10%).

3. Additional background information relating to the Debtor, including its current and historical business operations and the events precipitating its chapter 11 filing, is set forth in detail in Debtor's Case Management Summary, filed concurrently with this Motion and incorporated herein by reference.

## Cash Collateral and the Relief Sought by the Debtor

4. In order to avoid immediate and irreparable harm to the estate, Debtor requires the use of Cash Collateral to pay operating expenses as set forth in the Budget (defined below), which will govern the use of cash collateral pending a final hearing on this Motion (the "Interim Period").

5. During the Interim Period, Debtor projects the following: (a) total receipts in the amount of approximately $350,000.00 representing Cash Collateral; and (b) total disbursements in the amount of approximately $344,900.00. Net cash for the Interim Period is projected to be $15,100.00. A budget showing estimated income and expenses for the Debtor for the next four weeks (the "Budget") is attached hereto as **Exhibit "A"** and is incorporated herein by reference. Based on the Budget, the Debtor anticipates that it will operate on a positive cash flow basis.

6. The Cash Collateral, which the Debtor seeks to use, is comprised in whole or in part of cash on hand and funds to be received from food sales during normal operations. Central Bank may assert a first priority security interest in the Debtor's personal property, including cash generated by Debtor's operations by virtue of a blanket lien on the Debtor's personal property. As of the Petition Date, Debtor owes Central Bank approximately $2,600,000.00 on a equipment loan secured by a lien on Debtor's personal property and certain medical equipment. Central Bank has recorded a UCC-1 financing statement which purports perfect its security interest. In addition, inferior interests may claim an interest in the Debtor's revenues; however, Debtor believes that such

inferior interests are wholly unsecured due to the outstanding amounts owed to creditors with superior security interests in Debtor's property.

7. As the Debtor has no unencumbered funds,[1] the Debtor requires the use of such Cash Collateral to fund the day-to-day expenses of this chapter 11 case. Unless the Court authorizes the use of Cash Collateral to fund the day-to-day expenses of its operations, Debtor's efforts to reorganize, and to meet the costs and expenses of this chapter 11 case, will be significantly impaired.

8. The Debtor believes that Central Bank's interest in Cash Collateral is adequately protected for any Cash Collateral that the Debtor may use. As adequate protection, Debtor proposes to grant Central Bank replacement liens in the Debtor's post-petition assets, and proceeds of same, to the same extent, priority and validity as its pre-petition liens, to the extent Debtor's use of Cash Collateral results in a decrease in the value of Central Bank's interest in the Cash Collateral.

9. If the Debtor is not permitted to use Cash Collateral, it will be forced to halt operations, creating an adverse effect on creditors and employees, and will likely eliminate the total value of assets pledged as collateral. Thus, Debtor believes that the protections outlined herein are fair and reasonable under the circumstances and will be sufficient to protect the interests of Debtor's secured creditors' collateral from a diminution in value during the period of use by the Debtor. Accordingly, under the circumstances of this Chapter 11 case, the granting of the relief requested in the Motion is warranted.

---

[1] Nothing herein may be construed as an admission of the Debtor as to the validity or priority of the security interests asserted by Central Bank or the Inferior Interests. The Debtor expressly reserves the right to challenge the validity and priority of such interests to the fullest extent allowed under the Bankruptcy Code.

WHEREFORE, the Debtor respectfully requests this Court enter an order granting the request for an emergency hearing, the request to use Cash Collateral, and for such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 12th day of April 2018.

/s/ Justin M. Luna, Esq.
Justin M. Luna, Esq.
Florida Bar No. 0037131
jluna@lseblaw.com
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
dvelasquez@lseblaw.com
**Latham, Shuker, Eden & Beaudine, LLP**
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile:  407-481-5801
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:                                                    CASE NO.: 3:18-bk-01164-JAF
                                                          CHAPTER 11
EIHAB H. TAWFIK, M.D., P.A.,

       Debtor.
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of **DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND REQUEST FOR EMERGENCY PRELIMINARY HEARING**, together with all exhibits, has been furnished either electronically or by U.S. First Class, postage prepaid mail to: **Eihab H. Tawfik, M.D., P.A.**, c/o Eihab H. Tawfik, 7394 West Gulf to Lake Highway, Crystal River, Florida 34429; Central Bank, c/o Megan W. Murray, Esq., 101 E. Kennedy Blvd., Suite 1700, Tampa, Florida 33602; all creditors as shown on the matrix attached hereto, and the U.S. Trustee, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, this 12th day of April 2018.

                                                /s/ Justin M. Luna
                                                Justin M. Luna, Esq.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:18-bk-01164-JAF<br>Middle District of Florida<br>Jacksonville<br>Thu Apr 12 14:20:42 EDT 2018 | Central Bank<br>c/o Trenam Law<br>Megan W. Murray<br>101 E Kennedy Boulevard, #2700<br>Tampa, FL 33602-5150 | Eihab H. Tawfik, M.D., P.A.<br>7394 West Gulf to Lake Highway<br>Crystal River, FL 34429-7802 |
| IBERIABANK<br>c/o Michael S. Waskiewicz, Esq.<br>Burr & Forman LLP<br>50 N. Laura Street, Suite 3000<br>Jacksonville, FL 32202-3658 | Alyouzbaki Tawfik<br>c/o Joseph C. Crawford, Esq.<br>50 N Laura St, Ste 2600<br>Jacksonville, FL 32202-3629 | Balboa Capital Corp.<br>575 Anton Blvd., 12th Floor<br>Costa Mesa, CA 92626-7169 |
| Baytree Nat. Bank & Trust Co<br>664 N Western Ave.<br>Laek Forest, IL 60045-1951 | Burr & Foreman, LLP<br>Attn: Michael S. Waskiewicz<br>50 North Laura St., Ste 3000<br>Jacksonville, FL 32202-3658 | CAPALL, LLC<br>122 East 42nd St., Ste. 2112<br>New York, NY 10168-2100 |
| CCM Capital Collection Mgmt<br>115 Solar Street, Suite 100<br>Syracuse, NY 13204-5407 | CHTD Company<br>PO Box 2576<br>Springfield, IL 62708-2576 | CT Corporation System<br>Attn: SPRS<br>330 N. Brand Blvd, Ste 700<br>Glendale, CA 91203-2336 |
| CT Lien Solutions<br>PO Box 29071<br>Glendale, CA 91209-9071 | Cassidy Abbott Orr<br>c/o Jay P. Lechner, Esq.<br>One Progress Plaza<br>200 Central Ave., #400<br>St. Petersburg, FL 33701-4356 | Central Bank<br>20701 Bruce B. Downs Blvd<br>Tampa, FL 33647-3676 |
| Central Bank<br>c/o Megan W. Murray, Esq.<br>101 E Kennedy Blvd, Ste 1700<br>Tampa, FL 33602-3647 | Citrus County Tax Collector<br>210 N. Apopka Ave Ste 100<br>Inverness FL 34450-4298 | Citrus Diabetes Treatment<br>Center, LLC<br>7394 W. Gulf to Lake Hwy<br>Crystal River, FL 34429-7802 |
| Citrus Diabetes Treatment<br>Center, LLC<br>7450 W. Gulf to Lake Hwy<br>Crystal River, FL 34429 | Colonial Funding Network<br>120 West 45th Street<br>New York, NY 10036-4195 | Complete Business Solutions<br>22 North 3rd Street<br>Philadelphia, PA 19106-2113 |
| Corporation Service Co.<br>801 Adlia Stevenson Dr<br>Springfield, IL 62703-4261 | Corporation Service Co.<br>PO Box 2576<br>Springfield, IL 62708-2576 | Creekridge Capital, LLC<br>7808 Creekridge Cir. Ste 250<br>Edina, MN 55439-2647 |
| DLI Assets Bravo, LLC<br>550 N. Brand Blvd. Ste. 2000<br>Glendale, CA 91203-1935 | Danco Medical, Inc.<br>c/o Ashley H. Lukis, Esq.<br>PO Box 11189<br>Tallahassee, FL 32302-3189 | Dr. Eihab H. Tawfik, MD<br>7394 West Gulf to Lake Highway<br>Crystal River, FL 34429-7802 |
| ELM Services<br>PO Box 15270<br>Irvine, CA 92623-5270 | First Coast Service Options<br>Medicare Part B Overpayment<br>PO Box 45248<br>Jacksonville, FL 32232-5248 | First Corporation Solutions<br>914 S. Street<br>Sacramento, CA 95811-7025 |

| | | |
|---|---|---|
| Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Fred E. Moore, Esq.<br>801 11th Street West<br>Bradenton, FL 34205-8432 | GE Healthcare<br>c/o Richard P. Joblove, Esq.<br>12372 Southwest 82nd Ave.<br>First Floor<br>Miami, FL 33156-5223 |
| Gurley Vitale, P.A.<br>Attn: J. Ben Vitale, Esq.<br>601 S. Osprey Ave.<br>Sarasota, FL 34236-7526 | Huntington Tech. Finance<br>2285 Franklin Road<br>Bloomfield Hills, MI 48302-0364 | IberiaBank<br>PO Box 53207<br>Lafayette, LA 70505-3207 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Key Equipment Finance Inc.<br>1000 South McCaslin Blvd.<br>Superior, CO 80027-9441 | LiftForward, Inc.<br>c/o LF Collateral SPV I, LLC<br>180 Maiden Lane, 10th Floor<br>New York, NY 10038-5178 |
| Lysoft Media<br>c/o Colonial Funding Network<br>120 West 45th Street<br>New York, NY 10036-4195 | Macquarie Equipment Finance<br>2285 Franklin Rd., Ste. 100<br>Bloomfield Hills, MI 48302-0363 | McKesson Corporation<br>401 Mason Road<br>La Vergne, TN 37086-3243 |
| Medicare Part B Cash Mgmt<br>c/o First Coast Srvc Options<br>PO Box 44141<br>Jacksonville, FL 32231-4141 | Merchant Cash & Capital LLC<br>450 Park Ave. S., 11th Floor<br>New York, NY 10016-7320 | National Radiology Sol Group<br>101 Alycia Drive<br>Richmond, KY 40475-2368 |
| Navitas Credit Corp.<br>P.O. Box 935204<br>Atlanta, GA 31193-5204 | Navitas Lease Corp. ISAOA<br>111 Executive Dr., Ste. 102<br>Columbia, SC 29210-8414 | Nicole Richardson<br>c/o Matthew W. Birk, Esq.<br>309 NE 1st Street<br>Gainesville, FL 32601-5310 |
| Pamela Rizzo-Alderson<br>c/o Jay P. Lechner, Esq.<br>One Progress Plaza<br>200 Central Ave., Ste. 400<br>St. Petersburg, FL 33701-4356 | Quarterspot Inc.<br>4601 N Fairfax Dr, Ste 1120<br>Arlington, VA 22203-1547 | Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20220-0001 |
| Secured Lender Solutions LLC<br>PO Box 2576<br>Springfield, IL 62708-2576 | Stress Free Capital, LLC<br>2501 Hollywood Blvd, Ste 210<br>Hollywood, FL 33020-6632 | U.S. Securities & Exchange Commission<br>Office of Reorganization<br>950 East Paces Ferry Road, N.E.<br>Suite 900<br>Atlanta, GA 30326-1382 |
| US Dept of Treasury<br>Bureau of the Fiscal Service<br>PO Box 830794<br>Birmingham, AL 35283-0794 | US Dept of Treasury<br>PO Box 979101<br>St. Louis, MO 63197-9000 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 |
| Vangaurd Medical Mgmt LLC<br>c/o Jay P. Lechner, Esq.<br>One Progress Plaza<br>200 Central Ave., #400<br>St. Petersburg, FL 33701-4356 | Yellowstone Capital, LLC<br>30 Broad Street<br>14th Floor, Ste. 1462<br>New York, NY 10004-2304 | Yes Funding Services, LLC<br>c/o Douglas Robinson, Esq.<br>122 East 42nd St., Ste. 2112<br>New York, NY 10168-2100 |

| | | |
|---|---|---|
| United States Trustee - JAX 11 +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Elena L Escamilla +<br>Office of the United States Trustee<br>400 W. Washington Street<br>Suite 1100<br>Orlando, FL 32801-2440 | Michael S Waskiewicz +<br>Burr & Forman, LLP<br>50 North Laura Street, Suite 3000<br>Jacksonville, FL 32202-3658 |
| Justin M. Luna +<br>Latham, Shuker, Eden & Beaudine, LLP<br>P.O. Box 3353<br>Orlando, FL 32802-3353 | Megan Wilson Murray +<br>Trenam Kemker<br>101 East Kennedy Boulevard<br>Suite 2700<br>Tampa, FL 33602-5170 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Jerry A. Funk<br>Jacksonville | (d)IBERIABANK<br>c/o Michael S. Waskiewicz, Esq.<br>Burr & Forman LLP<br>50 N. Laura Street, Suite 3000<br>Jacksonville, FL 32202-3658 | (u)Note: Entries with a '+' at the end of the name have an email address on file in CMECF<br>--------------------------------------------<br>Note: Entries with a '-' at the end of the name have filed a claim in this case |

End of Label Matrix  
Mailable recipients   64  
Bypassed recipients    3  
Total                 67

### Eihab H. Tawfik, M.D., P.A.

| Week Of: | April 8, 2018 | April 16, 2018 | April 23, 2018 | April 30, 2018 |
|---|---:|---:|---:|---:|
| **Income** | | | | |
| Revenue | $87,500.00 | $87,500.00 | $87,500.00 | $87,500.00 |
| Total Income | $87,500.00 | $87,500.00 | $87,500.00 | $87,500.00 |
| **Expenses** | | | | |
| Payroll Taxes & Fees | $ 50,000.00 | $ - | $ 95,000.00 | $ - |
| 1099 Payroll | $ - | $ 10,000.00 | $ - | $ 10,000.00 |
| Medical Billing Processor | $ 2,625.00 | $ 2,625.00 | $ 2,625.00 | $ 2,625.00 |
| Radiology Reading | $ - | $ - | $ 15,000.00 | $ 15,000.00 |
| Supplies | $ 12,500.00 | $ 12,500.00 | $ 12,500.00 | $ 12,500.00 |
| Utilities | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 |
| Technical Support/Internet/Phones | $ - | $ 8,000.00 | $ - | $ - |
| Property Insurance | $ - | $ 10,000.00 | $ - | $ - |
| Malpractice Insurance | $ - | $ - | $ - | $ 20,000.00 |
| Celebration Office Rent | $ - | $ - | $ - | $ 5,500.00 |
| Springhill Office Rent | $ - | $ - | $ - | $ 3,200.00 |
| Ocala Office Rent | $ - | $ - | $ - | $ 1,700.00 |
| Equipment Maintenance | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 |
| Pharmacy Rent/Medication | $ 5,250.00 | $ 5,250.00 | $ 5,250.00 | $ 5,250.00 |
| Total Building Expenses | $ 75,375.00 | $ 53,375.00 | $ 135,375.00 | $ 80,775.00 |
| **Cash Balance** | | | | |
| Beginning Cash Balance | $ 10,000.00 | $ 22,125.00 | $ 56,250.00 | $ 8,375.00 |
| Receipts | $ 87,500.00 | $ 87,500.00 | $ 87,500.00 | $ 87,500.00 |
| Expenses | $ 75,375.00 | $ 53,375.00 | $ 135,375.00 | $ 80,775.00 |
| Ending Cash Balance | $ 22,125.00 | $ 56,250.00 | $ 8,375.00 | $ 15,100.00 |

EXHIBIT "A"

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:                                    CASE NO.: 3:18-bk-01164-JAF
                                          CHAPTER 11
EIHAB H. TAWFIK, M.D., P.A.,

    Debtor.
_____/

**FIRST INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION
TO USE CASH COLLATERAL AND NOTICE OF CONTINUED HEARING**
**[Continued Hearing:   ]**

**THIS CASE** came on for emergency preliminary hearing on _____, 2018 (the "Hearing") upon the *Emergency Motion to Use Cash Collateral*, filed by Eihab H. Tawfik, M.D., P.A. (the "Debtor") on April 12, 2018 (Doc. No. __) (the "Motion"). Upon consideration of the Motion, the evidence presented, the arguments of counsel present at the Hearing, it is

    **ORDERED:**

    1.    <u>Interim Authorization Granted</u>.  The Motion is granted on an interim basis as provided herein.

2. <u>Cash Collateral Authorization</u>. Subject to the provisions of this order, the Debtor is authorized to use cash collateral to pay: (a) amounts expressly authorized by this Court, including payments to the United States Trustee for quarterly fees; (b) the current and necessary expenses set forth in the budget attached as **Exhibit A** attached to the Motion, plus an amount not to exceed ten (10) percent for each line item; and (c) such additional amounts as may be expressly approved in writing by Central Bank. This authorization will continue through _____, however, the parties may jointly agree to extend the authorization by submitting an agreed order reflecting such extension. Except as authorized in this order, the Debtor is prohibited from the use of cash collateral.

3. <u>Debtor Obligations</u>. The Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

4. <u>Replacement Lien</u>. Central Bank shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as the prepetition lien, without the need to file or execute any documents as may otherwise be required under applicable non-bankruptcy law.

5. <u>Insurance</u>. The Debtor shall maintain insurance coverage for its property in accordance with the obligations under the loan and security documents with Central Bank.

6. <u>Without Prejudice</u>. This Order is without prejudice to: (a) any subsequent request by a party-in-interest for modified adequate protection or restrictions on use of Cash Collateral; or (b) any other right or remedy which may be available.

7. <u>Creditors Committee</u>. The provisions of this Order are without prejudice to the rights of the United States Trustee to appoint a committee or any rights of a duly-appointed

committee to timely challenge the validity, priority, or extent of any lien(s) asserted against cash collateral.

      8.    <u>Enforcement</u>. The Court shall retain jurisdiction to enforce the terms of this Order.

Attorney Justin M. Luna is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.