UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE

In Re:                                                                        Chapter 11

EIHAB H. TAWFIK, M.D., P.A.,                 Case No.: 3:18-bk-01164-JAF
d/b/a Christ Medical Center
d/b/a Town Center Medical Celebration

         Debtor.
_____/

## NAVITAS CREDIT CORP. f/k/a NAVITAS LEASE CORP.'S VERIFIED MOTION FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION

NAVITAS CREDIT CORP. f/k/a NAVITAS LEASE CORP., ("NAVITAS") by and through its undersigned counsel, respectfully moves this Court for relief from the automatic stay or, in the alternative, for adequate protection, and in support of its Motion states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b) and 157(a) and 362(d) of Title 11, United States Code (hereinafter referred to as the "Code"). Furthermore, this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

2. That on April 11, 2018, Debtor, EIHAB H. TAWFIK, M.D., P.A. d/b/a Christ Medical Center d/b/a Town Center Medical Celebration (the "Debtor") filed for relief under Chapter 11 of the United States Bankruptcy Code.

3. That on or about October 6, 2015, NAVITAS entered into a Finance Agreement with the Debtor, a true and correct copy of which is attached hereto as Exhibit "A". Pursuant to the terms of the Finance Agreement, the Debtor agreed to make payments to NAVITAS for the following equipment:

> **One (1) Nerve Conduction Velocity System (Automatic Nervous System 1, Vascore System, Ultrasound Phillips "D" Cart, Vestibular Therapy System, Interocular Pressure Unit, Micro Vascular Therapy Unit)**

hereinafter the "Collateral."

4. That on October 6, 2015, NAVITAS perfected its security interest in and to the Collateral as evidenced by the UCC-1 Financing Statement attached hereto as Exhibit "B."

5. Pursuant to the terms of the Finance Agreement attached hereto as Exhibit "A", the Debtor was to make monthly payments in the amount of $4,045.21 for 60 consecutive months commencing 3 months afer the Commencement Date of the Finance Agreement.

6. That the Finance Agreement attached hereto as Exhibit "A" is in default for the payment due on April 1, 2018. The Finance Agreement is currently past due in the amount of $4,045.21. The total amount due and owing to NAVITAS on the Finance Agreement is $139,156.76, which includes the past due amount.

7. That upon information and belief, the fair market value of the Collateral is $130,000.00.

8. The Debtor is in actual and constructive possession of the Collateral thereby subjecting them to continued wear, tear and depreciation in value.

9. The Debtor has not offered NAVITAS, any form of adequate protection and Creditor is entitled to be adequately protected.

10. Section 362(d)(1) of the Bankruptcy Code provides that a court shall, upon motion, grant relief from that automatic stay for cause, which includes the lack of adequate protection of an interest in property, of the moving party.

11. Section 362(d)(2) of the Code provides that the Court shall grant relief from the automatic stay when the debtor lacks equity in the bankruptcy estate property and the property is not necessary to an effective reorganization.

12. The interest of NAVITAS in and to the Collateral is not adequately protected.

13. NAVITAS is entitled to adequate protection, in the form of payment together with an order requiring the Debtor to adequately insure and maintain the Collateral. Alternatively, if the Debtor cannot adequately protect NAVITAS' interest in the Collateral, relief from stay should be granted so that NAVITAS can exercise its *in rem* rights in the collateral.

WHEREFORE, NAVITAS respectfully requests:

A. The Debtor be required to provide NAVITAS adequate protection, by paying all payments that have come due since the filing of the Debtor's Bankruptcy Petition and all future payments that come due under the Finance Agreement, costs and attorney fees in accordance with the terms of the Finance Agreement, as well as, require the debtor to adequately insure, and maintain the Collateral, and, in the event that adequate cannot be provided,

B. That the Automatic Stay pursuant to U.S.C. Section 362 be modified to permit NAVITAS to enforce its in rem rights in accordance with applicable principles of non-bankruptcy law;

C. Awarding NAVITAS such other and further relief as this Court deems just and proper in the premises.

## VERIFICATION

I, Tim McConnell, of NAVITAS CREDIT CORP., depose and say:

1. I am employed by NAVITAS CREDIT CORP., as Collections/Recovery Manager, and I am authorized to execute this Verification on behalf thereof. I am also over the age of eighteen.

2. I have read the foregoing Verified Motion for Relief from Automatic Stay ("Verified Motion") in this matter, and I have personal knowledge of the facts set forth therein, or of these facts as they appear in the business records, reports, memoranda and data compilations of NAVITAS CREDIT CORP., made at or near the time of the events described by, or from information transmitted by, a person or persons with knowledge of the events described whose regular practice it was to make and keep such records in the ordinary course of the regularly conducted business activities of NAVITAS CREDIT CORP.; that I am one of the persons with custody of such records; that I am familiar with the methods and preparation and identity of such records; that I routinely rely on such records in the usually course of my business and the business of NAVITAS CREDIT CORP.

3. The facts as set forth in the Verified Motion are true and correct.

4. The defaults by the Debtor as alleged and set forth in the Verified Motion continue to exist as of the date of this Verification.

_____
Tim McConnell
Collections/Recovery Manager
NAVITAS CREDIT CORP.

STATE OF SOUTH CAROLINA  )
COUNTY OF LEXINGTON      )

BEFORE ME, the undersigned authority, duly qualified and authorized to administer oaths in the State of South Carolina, personally appeared Tim McConnell, who having been first duly sworn, deposes and says that he has read the foregoing Verified Motion for Relief from Automatic Stay, and the statements set forth in therein are true and correct. He is personally known to me.

SWORN to and SUBSCRIBED before me this 23rd day of April, 2018.

Notary Public, State of South Carolina

By: _Olivia Michelle Crocker_
Printed Name: Olivia Michelle Crocker
My commission expires: 9/9/21

4

I HEREBY CERTIFY that on April 24, 2018, I electronically filed a true and correct copy of the Verified Motion for Relief from Automatic Stay or, in the Alternative, for Adequate Protection, with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document to the parties listed below in the manner indicated.

<div style="text-align:center">
EMANUEL & ZWIEBEL, PLLC<br>
Attorney for Creditor, NAVITAS<br>
7900 Peters Road<br>
Building B, Suite 100<br>
Plantation, Florida 33324<br>
(954) 424-2005 Phone<br>
(954) 533-0138
</div>

By: _____
Eric B. Zwiebel, Esq.
Fla. Bar No. 476404
email: eric.zwiebel@emzwlaw.com

**Via CM/ECF**
Justin M. Luna, Esq.
Daniel A. Velasquez
United States Trustee - JAX 11
Elena M. Escamilla, Office of the US Trustee

All Rule 1007-2 parties in interest on the attached matrix designated to receive electronic notice

**Via U.S. Mail**
Eihab H. Tawfik, M.D., P.A.
d/b/a Christ Medical Center
d/b/a Town Center Medical Celebration
7394 West Gulf to Lake Highway
Crystal River, Florida 34429

All Rule 1007-2 Parties in Interest on the attached matrix not designated to receive electronic notice

5

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:18-bk-01164-JAF<br>Middle District of Florida<br>Jacksonville<br>Tue Apr 24 07:05:27 EDT 2018 | COLONIAL FUNDING NETWORK, INC. as Servicing<br>c/o Donald R. Kirk<br>Carlton Fields<br>P.O. Box 3239<br>Tampa, FL 33601-3239 | Central Bank<br>c/o Trenam Law<br>Megan W. Murray<br>101 E Kennedy Boulevard, #2700<br>Tampa, FL 33602-5150 |
| Eihab H. Tawfik, M.D., P.A.<br>7394 West Gulf to Lake Highway<br>Crystal River, FL 34429-7802 | IBERIABANK<br>c/o Michael S. Waskiewicz, Esq.<br>Burr & Forman LLP<br>50 N. Laura Street, Suite 3000<br>Jacksonville, FL 32202-3658 | Navitas Credit Corp. f/k/a Navitas Lease Cor<br>c/o Emanuel & Zwiebel, PLLC<br>7900 Peters Road<br>Building B<br>Suite 100<br>Plantation, FL 33324-4045 |
| Alyouzbaki Tawfik<br>c/o Joseph C. Crawford, Esq.<br>50 N Laura St, Ste 2600<br>Jacksonville, FL 32202-3629 | Balboa Capital Corp.<br>575 Anton Blvd., 12th Floor<br>Costa Mesa, CA 92626-7169 | Baytree Nat. Bank & Trust Co<br>664 N Western Ave.<br>Laek Forest, IL 60045-1951 |
| Burr & Foreman, LLP<br>Attn: Michael S. Waskiewicz<br>50 North Laura St., Ste 3000<br>Jacksonville, FL 32202-3658 | CAPALL, LLC<br>122 East 42nd St., Ste. 2112<br>New York, NY 10168-2100 | CCM Capital Collection Mgmt<br>115 Solar Street, Suite 100<br>Syracuse, NY 13204-5407 |
| CHTD Company<br>PO Box 2576<br>Springfield, IL 62708-2576 | CT Corporation System<br>Attn: SPRS<br>330 N. Brand Blvd, Ste 700<br>Glendale, CA 91203-2336 | CT Lien Solutions<br>PO Box 29071<br>Glendale, CA 91209-9071 |
| Cassidy Abbott Orr<br>c/o Jay P. Lechner, Esq.<br>One Progress Plaza<br>200 Central Ave., #400<br>St. Petersburg, FL 33701-4356 | Central Bank<br>20701 Bruce B. Downs Blvd<br>Tampa, FL 33647-3676 | Central Bank<br>c/o Megan W. Murray, Esq.<br>101 E Kennedy Blvd, Ste 1700<br>Tampa, FL 33602-3647 |
| Citrus County Tax Collector<br>210 N. Apopka Ave Ste 100<br>Inverness FL 34450-4298 | Citrus Diabetes Treatment<br>Center, LLC<br>7394 W. Gulf to Lake Hwy<br>Crystal River, FL 34429-7802 | Citrus Diabetes Treatment<br>Center, LLC<br>7450 W. Gulf to Lake Hwy<br>Crystal River, FL 34429 |
| Colonial Funding Network<br>120 West 45th Street<br>New York, NY 10036-4195 | Complete Business Solutions<br>22 North 3rd Street<br>Philadelphia, PA 19106-2113 | Corporation Service Co.<br>801 Adlia Stevenson Dr<br>Springfield, IL 62703-4261 |
| Corporation Service Co.<br>PO Box 2576<br>Springfield, IL 62708-2576 | Creekridge Capital, LLC<br>7808 Creekridge Cir. Ste 250<br>Edina, MN 55439-2647 | DLI Assets Bravo, LLC<br>550 N. Brand Blvd. Ste. 2000<br>Glendale, CA 91203-1935 |
| Danco Medical, Inc.<br>c/o Ashley H. Lukis, Esq.<br>PO Box 11189<br>Tallahassee, FL 32302-3189 | Dr. Eihab H. Tawfik, MD<br>7394 West Gulf to Lake Highway<br>Crystal River, FL 34429-7802 | ELM Services<br>PO Box 15270<br>Irvine, CA 92623-5270 |

| | | |
|---|---|---|
| First Coast Service Options<br>Medicare Part B Overpayment<br>PO Box 45248<br>Jacksonville, FL 32232-5248 | First Corporation Solutions<br>914 S. Street<br>Sacremento, CA 95811-7025 | Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 |
| Fred E. Moore, Esq.<br>801 11th Street West<br>Bradenton, FL 34205-8432 | GE Healthcare<br>c/o Richard P. Joblove, Esq.<br>12372 Southwest 82nd Ave.<br>First Floor<br>Miami, FL 33156-5223 | Gurley Vitale, P.A.<br>Attn: J. Ben Vitale, Esq.<br>601 S. Osprey Ave.<br>Sarasota, FL 34236-7526 |
| Huntington Tech. Finance<br>2285 Franklin Road<br>Bloomfield Hills, MI 48302-0364 | IberiaBank<br>PO Box 53207<br>Lafayette, LA 70505-3207 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Key Equipment Finance Inc.<br>1000 South McCaslin Blvd.<br>Superior, CO 80027-9441 | LiftForward, Inc.<br>c/o LF Collateral SPV I, LLC<br>180 Maiden Lane, 10th Floor<br>New York, NY 10038-5178 | Lysoft Media<br>c/o Colonial Funding Network<br>120 West 45th Street<br>New York, NY 10036-4195 |
| Macquarie Equipment Finance<br>2285 Franklin Rd., Ste. 100<br>Bloomfield Hills, MI 48302-0363 | McKesson Corporation<br>401 Mason Road<br>La Vergne, TN 37086-3243 | Medicare Part B Cash Mgmt<br>c/o First Coast Srvc Options<br>PO Box 44141<br>Jacksonville, FL 32231-4141 |
| Merchant Cash & Capital LLC<br>450 Park Ave. S., 11th Floor<br>New York, NY 10016-7320 | National Radiology Sol Group<br>101 Alycia Drive<br>Richmond, KY 40475-2368 | National Radiology Solutions Group, PLLC<br>c/o J. Ben Vitale<br>Vitale Law, P.A.<br>9040 Town Center Blvd.<br>Lakewood Ranch, FL 34202-4101 |
| Navitas Credit Corp.<br>P.O. Box 935204<br>Atlanta, GA 31193-5204 | Navitas Credit Corp. f/k/a Navitas Lease Cor<br>c/o Emanuel & Zwiebel, PLLC<br>7900 Peters Road<br>Building B, Suite 100<br>Plantation, Florida 33324-4045 | Navitas Lease Corp. ISAOA<br>111 Executive Dr., Ste. 102<br>Columbia, SC 29210-8414 |
| Nicole Richardson<br>c/o Matthew W. Birk, Esq.<br>309 NE 1st Street<br>Gainesville, FL 32601-5310 | Pamela Rizzo-Alderson<br>c/o Jay P. Lechner, Esq.<br>One Progress Plaza<br>200 Central Ave., Ste. 400<br>St. Petersburg, FL 33701-4356 | Quarterspot Inc.<br>4601 N Fairfax Dr, Ste 1120<br>Arlington, VA 22203-1547 |
| Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20220-0001 | Secured Lender Solutions LLC<br>PO Box 2576<br>Springfield, IL 62708-2576 | Stress Free Capital, LLC<br>2501 Hollywood Blvd, Ste 210<br>Hollywood, FL 33020-6632 |
| SunTrust Bank<br>Attn: Support Services<br>P.O. Box 85092<br>Richmond, VA 23286-0001 | U.S. Securities & Exchange Commission<br>Office of Reorganization<br>950 East Paces Ferry Road, N.E.<br>Suite 900<br>Atlanta, GA 30326-1382 | US Dept of Treasury<br>Bureau of the Fiscal Service<br>PO Box 830794<br>Birmingham, AL 35283-0794 |

```
US Dept of Treasury                United States Attorney              United States Trustee - JAX 11
PO Box 979101                      300 North Hogan St Suite 700        Office of the United States Trustee
St. Louis, MO 63197-9000           Jacksonville, FL 32202-4204         George C Young Federal Building
                                                                       400 West Washington Street, Suite 1100
                                                                       Orlando, FL 32801-2210


Vangaurd Medical Mgmt LLC          Yellowstone Capital, LLC            Yes Funding Services, LLC
c/o Jay P. Lechner, Esq.           30 Broad Street                     c/o Douglas Robinson, Esq.
One Progress Plaza                 14th Floor, Ste. 1462               122 East 42nd St., Ste. 2112
200 Central Ave., #400             New York, NY 10004-2304             New York, NY 10168-2100
St. Petersburg, FL 33701-4356


Daniel A Velasquez                 Justin M. Luna
Latham Shuker Eden Beaudine LLP    Latham, Shuker, Eden & Beaudine, LLP
111 N. Magnolia Avenue             P.O. Box 3353
Suite 1400                         Orlando, FL 32802-3353
Orlando, FL 32801-2367
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)National Radiology Solutions Group, PLLC    (d)COLONIAL FUNDING NETWORK, INC. as Servicin    (d)IBERIABANK
                                               c/o Donald R. Kirk                              c/o Michael S. Waskiewicz, Esq.
                                               Carlton Fields                                  Burr & Forman LLP
                                               P.O. Box 3239                                   50 N. Laura Street, Suite 3000
                                               Tampa, FL 33601-3239                            Jacksonville, FL 32202-3658


End of Label Matrix
Mailable recipients    67
Bypassed recipients     3
Total                  70
```


**NAVITAS LEASE CORP**

**SECURED PARTY:** *(hereinafter referred to as "we", "us", or "our")*
PO Box 3491, Ponte Vedra Beach, FL 32204-3491
TEL (904) 543-2575  FAX (904) 543-2574

40201184

**FINANCE AGREEMENT**

Agreement #: 40201184

**DEBTOR** *(hereinafter "you" or "your")* Full Legal Name: EIHAB H. TAWFIK, M.D., P.A.    DBA:
7394 WEST GULF TO LAKE HIGHWAY
CRYSTAL RIVER FL 34429

| Address | City State Zip | County | Phone | Federal Tax ID |
|---|---|---|---|---|
| | | CITRUS | | 20-3325340 |

**COLLATERAL LOCATION** *(If other than above)* Christ Medical Center, 3027 Landover Blvd., Spring Hill, FL 34608
**DESCRIPTION OF COLLATERAL**    *(Check if applicable:* ☐ *See attached schedule for additional collateral)*

| TYPE, MAKE, MODEL-NUMBER & INCLUDED ACCESSORIES | QUANTITY | SERIAL NUMBER |
|---|---|---|
| (1) MEDICAL EQUIPMENT | 1 | |

### TERMS AND CONDITIONS - PAGE 1 OF 2 — READ CAREFULLY BEFORE SIGNING

*(Vendor is not an agent of Secured Party nor is Vendor authorized to waive or alter any terms of this Agreement.)*

| | | | | |
|---|---|---|---|---|
| Term (in months) | 63 | First payment | $0.00 |
| Monthly Payment | 3@$0then60 @ $4,045.21 | Security Deposit | $0.00 |
| | | Other | 250.00 |
| Amount Financed | $197,243.00 | INITIAL AMOUNT DUE | $ 250.00 |

1. **AGREEMENT:** You have identified a supplier (Vendor) from which you wish to acquire certain personal property set forth above (Equipment) and have elected to request that we finance the purchase price for you. You unconditionally promise to pay us the sum of all of the monthly payments indicated above or on any schedule (Payments) and you agree to all of the terms and conditions contained in this Agreement. You authorize us to insert in this Agreement any serial numbers and other identification data about the Equipment, as well as any other omitted factual matters or to correct obvious errors. At our discretion we may apply any amounts received from you to any amount you owe under this Agreement. We may invoice you and remit to your Vendor charges for services to which you may have agreed in a separate contract with your Vendor.

2. **TERM OF AGREEMENT:** This Agreement shall become effective and shall commence only after you direct us to make disbursement to your Vendor, we approved your Vendor's invoice, we sign this Agreement and we make the initial disbursement (Commencement Date). The term of this Agreement shall begin on the Commencement Date and terminate upon the expiration of the number of months stated under Term (Term). The Initial Amount Due shall be due on the Commencement Date and subsequent consecutive monthly payments are due on the same or other day we select, payable to a location to be designated in writing. YOUR OBLIGATION TO PAY ALL PAYMENTS AND OTHER OBLIGATIONS TO US IS UNCONDITIONAL AND NOT SUBJECT TO ANY REDUCTION, SET-OFF, DEFENSE OR COUNTERCLAIM AND MAY NOT BE CANCELED FOR ANY REASON WHATSOEVER AFTER COMMENCEMENT. We have the right, but not the obligation, to electronically withdraw funds from your bank account to pay for any unpaid Payments or other amounts due hereunder. You will provide us with any bank account information we request in order to process electronic payments.

3. **EQUIPMENT:** You agree that you are the owner of and have title to the Equipment, excluding any software. You agree to sign a pay proceeds direction directing us to pay your Vendor, either as a as prepayment to your Vendor to initiate delivery or upon your acceptance of the Equipment when it is delivered. We may, at our discretion, confirm by telephone that you have made such direction and this telephone verification of your direction shall have the same effect as a signed pay proceeds direction. You hereby grant to us a first priority, purchase money security interest in the Equipment and its proceeds to secure your obligations hereunder and agree, at your expense, to protect and defend our interests in the Equipment. Further, you agree that you will at all times keep the Equipment free from all legal process or lien if asserted or made against you or the Equipment. You agree we have the right to inspect the Equipment upon reasonable notice to you.

4. **NO WARRANTIES; NO AGENCY:** WE ARE FINANCING THE EQUIPMENT FOR YOU AS IS. WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF NON-INFRINGMENT, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE OR ORDINARY USE IN CONNECTION WITH THIS AGREEMENT. You understand and agree that we are independent from the vendor, manufacturer, and/or seller of the Equipment and that neither the Vendor nor any other person is our agent, nor are they authorized to waive or change any term or condition of this Agreement. You agree that no representation, guaranty or warranty by the Vendor or other person is binding on us. You agree that any breach by the Vendor will not relieve or excuse your obligations to us. Regardless of cause, you agree not to assert any claims whatsoever against us or our assignee. If you entered into a maintenance or service agreement the cost of which is included in the Payments, you acknowledge we are not a party to such agreements and are not responsible for any service, repairs, or maintenance of the Equipment. If you have a dispute with your Vendor about delivery, installation, maintenance or service, you must continue to timely pay all amounts owed hereunder.

5. **SALE/ASSIGNMENT:** YOU MAY NOT SELL, TRANSFER, ASSIGN OR SUBLEASE THE EQUIPMENT OR YOUR OBLIGATIONS UNDER THIS AGREEMENT WITHOUT OUR PRIOR WRITTEN APPROVAL. We may sell, assign or transfer this Agreement or any part of it and/or our interest in the Equipment without notifying you and you agree that if we do, the new Secured Party will have the same rights and benefits that we have now have but will not have to perform any of our obligations. You agree that the rights of the new Secured Party will not be subject to any claims, defenses or setoffs that you may have against us or the Vendor.

6. **SECURITY DEPOSIT:** As security for the payment of all Payments and performance of all other obligations, you deposit with us the amount set forth in the section shown as "Security Deposit". In the event you default in the performance of any of the obligations, we have the right, but are not obligated to apply the security deposit at any time to any amount you owe to cure such default. On the expiration of this Agreement, provided you have fully performed all of the provisions of this Agreement, we will return to you any then remaining balance of the security deposit. We shall not keep the security deposit separate from our general funds and you shall not be entitled to any interest on the security deposit.

**See Remaining Terms and Conditions on Page 2**

By signing this Agreement you acknowledge and agree that, (a) you have read and understand the terms and conditions on each page of this Agreement, (b) this Agreement is a net Agreement which you cannot terminate or cancel after the Commencement Date, (c) you have an unconditional obligation to make payments when due under this Agreement and you cannot withhold, set off or reduce such payments for any reason and, (d) you warrant that the person signing this Agreement for on behalf of Debtor has the authority to do so and to grant the power of attorney set forth in Section 13 of this Agreement.

**I AM AUTHORIZED TO SIGN THIS AGREEMENT ON BEHALF OF DEBTOR:**   **ACCEPTED BY SECURED PARTY:** Navitas Lease Corp.

(Signature) _____ Date Signed: 10-6-15   By: (Signature) _____ Date Accepted: 11/3/15

Print Name & Title: Eihab H. Tawfik   Print Name & Title: Stephanie Mazzie  Staff Accountant

### UNCONDITIONAL GUARANTY:

For the purposes of this Guaranty, you/your shall mean the person making the guaranty. We/our/us shall mean the Secured Party our successors or assigns. You acknowledge that you have read and understood the Agreement and this Guaranty and that this is an irrevocable, continuing guaranty. You agree that you have an interest in the Debtor, economic or otherwise, and that we would not enter into this Agreement without this Guaranty. You unconditionally guaranty that the Debtor will fully and promptly pay all its obligations under the Agreement and any future Agreements with us when they are due and will perform all its other obligations under the Agreement even if we modify or renew the Agreement, or if any payments made by the Debtor are rescinded or returned upon the insolvency, bankruptcy or reorganization of the Debtor, as if the payment had not been made. We do not have to notify you if the Debtor is in default under the Agreement. If the Debtor defaults, you will immediately pay in accordance with the default provisions of the Agreement all obligations due under the Agreement. You agree that you will not be released or discharged if we: (a) fail to perfect a security interest in the Equipment or any other property which secures the obligations of Debtor or you to us (Collateral); (b) fail to protect the Collateral; or (c) abandon or release the Collateral or any obligor under the Agreement or this Guaranty. You agree that we do not have to proceed first against the Debtor or any Collateral. You hereby waive any right of exoneration, notice of acceptance of this Guaranty and of all other notices or demands of any kind in which you may be entitled to except for demand for payment. You will reimburse all expenses we incur in enforcing our rights against Debtor or you, including, without limitation attorney's fees and costs. We may obtain information from and report to credit reporting agencies to enter into the Agreement or to enforce this Guaranty. You exclusively consent to the jurisdiction of any court in the county of Secured Party or any assignee and agree to pay all costs, including attorney's fees, incurred in the enforcement of this Guaranty. You agree and consent that we may serve legal papers on you by registered or certified mail, which shall be sufficient to obtain jurisdiction. YOU AND WE EACH WAIVE TRIAL BY JURY IN ANY ACTION RELATING TO THE AGREEMENT OR THIS GUARANTY. This Guaranty may be executed by facsimile, electronic or original signature and such a copy shall be treated as an original for all purposes.

Individually: _____   Individually: _____

Print name: EIHAB TAWFIK   Print name: _____

Revised 2.15.2015TX

**EXHIBIT "A"**

## Page 2 of 2 to Finance Agreement

4020 1184

7. **CARE, USE AND LOCATION; LOSS OF EQUIPMENT:** You are responsible for installing and keeping the Equipment in good working order and repair. You will keep and use the Equipment only for business or commercial purposes and in compliance with all applicable laws, ordinances or regulations and only at your address shown on this Agreement unless we agree to another location. You will not make any alterations to the Equipment without our prior written consent, nor will you permanently attach the Equipment to any real estate. You are responsible for protecting the Equipment from damage and from any other kind of loss while you have the Equipment or while it is being delivered to you. In the event the Equipment is lost, stolen or damaged, so long as you are not in default under this Agreement, then you shall have the option within one week of such event to: (a) repair or replace the Equipment or (b) pay to us the unpaid balance of the remaining Payments under this Agreement discounted to present value at the rate of three percent (3%) plus any other amounts due or to become due hereunder.

8. **TAXES AND FEES:** You will pay when due to your appropriate taxing authority, all taxes, fines and penalties relating to this Agreement or the Equipment that is now or in the future assessed or levied by any government authority. Sales tax due upon the purchase of the Equipment, if included in the Vendor's purchase price, may be financed hereunder.

9. **INDEMNITY:** We are not responsible for any injuries or losses to you or any other person or property caused by the installation, operation, maintenance or use of the Equipment. You agree to reimburse us for and defend us against any claims for such losses or injuries, including, without limitation, those arising out of the negligence, tort, strict liability claims or any claim for patent, trademark or copyright infringement. This indemnity shall continue even after the Term has expired.

10. **INSURANCE:** You agree to maintain insurance against loss or damage for an amount not less than the replacement cost and name us and our assigns as loss payee. Proof of such insurance must be provided to us at Agreement inception and thereafter upon our written request. If you fail to timely provide such proof to us, we may, but are not obligated to, obtain property loss insurance to protect our interests in the Equipment or we may elect to charge you $80.00 per month as a non-insured fee. If we secure insurance in the form and amounts that we deem reasonable, you agree that: a) you will reimburse the premium which may be higher than a premium that you might pay if you obtained the insurance, b) the premium may include a profit to us and/or one of our affiliates through an investment in reinsurance or otherwise, and c) we will not name you as an insured party and your interests may not be fully protected. Any insurance proceeds received for Equipment will be applied, at our option, to repair or replace the Equipment, or to the remaining payments due or that become due under this Agreement, discounted at three percent (3%).

11. **DEFAULT:** You will be in default if you: (a) do not pay any amount when due; (b) break any of your promises, representations or covenants under this Agreement or under any other agreement with us; (c) become insolvent or assign your assets for the benefit of your creditors; (d) you or any guarantor enters (voluntarily or involuntarily) into a bankruptcy proceeding; (e) default on any obligations to any of your other creditors; (f) have made any representations to us with respect to any information provided in connection with this Agreement or any other agreement with us that is not truthful at the time it is made or have omitted any material information with respect to your assets or liabilities, or any other information that would be considered material in the extension of credit; (g) are a corporation and more than 20% of the issued and outstanding voting capital stock is transferred to or acquired by any person or entity that is not an owner as of the date of this Agreement; (h) any guarantor dies; or (i) change your name, state of incorporation, chief executive office and/or place of residence without providing us with 30 days prior written notice of such change.

12. **REMEDIES:** In the event of a default by you, we can: (a) cancel this Agreement; (b) deem in default any other agreement you have with us; (c) disable the Equipment or require that you ship the Equipment to us; (d) accelerate and demand that you pay all the remaining Payments due under this Agreement discounted to present value at three percent (3%) together with any other amounts due under this Agreement; and (e) we can use any of the remedies available to us under the UCC or any other law, including repossession of the Equipment or other Collateral. Interest shall accrue on all amounts due us from the date of default until paid at the rate of one and one-half percent (1.5%) per month, but only to the extent permitted by law. You agree to reimburse us for all charges, costs, expenses and attorney's fees that we have to pay to enforce this Agreement or collect the amounts due under this Agreement and in any lawsuit, dispute or other legal proceeding which we are required to bring or defend because of your default. We may take possession of the Equipment, with or without court order, and you agree to pay the cost of repossession, storing, shipping, repairing and selling the Equipment. You agree that we do not have to notify you that we are selling the Equipment. You also agree that we are entitled to abandon the Equipment if we believe it to be in our best interest.

13. **DEBTOR REPRESENTATIONS AND WARRANTIES:** You hereby represent and warrant that at the time you sign this Agreement you are and shall remain a business entity duly organized, validly existing and in good standing under the laws of your organization, duly qualified to conduct business in every jurisdiction where you conduct business and are not subject to any bankruptcy proceeding and that your exact legal name, state of incorporation, location of your chief executive office and/or your place of residence as applicable, have been correctly identified to us. You further represent and warrant that at the time you sign this Agreement the person executing the Agreement or any related document on behalf of you or any related guarantor shall be authorized to take such action and bind you and the guarantor to the Agreement, and that the execution, delivery and performance of this Agreement is duly authorized by your organization and, if necessary, by resolutions of your directors and/or shareholders, partners, or managers and/or members. If this document was sent electronically, you hereby warrant that this document has not been altered in any way and any alteration or revision to any part of this or any attached documents will make all such alterations or revisions non-binding and void. You hereby appoint us or our designee as your attorney-in-fact to endorse insurance proceeds and execute and file financing statements on the Equipment or Collateral.

14. **FEES, LATE CHARGES:** If any part of any Payment is not made by you when due, you agree to pay us within the next month fifteen percent (15%) of each past due amount (to the extent permitted by law). You agree to pay an administrative fee of fifty ($50.00) dollars if any check or ACH is dishonored or returned. You agree to reimburse us for our expenses incurred in connection with this Agreement, including but not limited to, a documentation and filing fee if not paid at Agreement inception.

15. **SOFTWARE:** We do not have title to any software referenced in the Equipment or installed on the Equipment and cannot transfer it to you at any time. We are not responsible for the software or the obligations by either you or the licensor under any license agreement you may have for any such software.

16. **ENTIRE AGREEMENT; CHANGES:** This Agreement contains the entire agreement between you and us, and it may not be altered, modified, terminated or otherwise changed except in writing by both of us. A limiting endorsement on a check or other form of payment will not be effective to modify the obligations or any of the other terms and conditions of this Agreement, and we may apply any payment received without being bound by such limiting endorsements.

17. **COMPLIANCE; NOTICES:** In the event you fail to comply with any terms of this Agreement, we can, but we do not have to, take any action necessary to effect your compliance upon ten (10) days prior written notice to you. If we are required to pay any amount to obtain your compliance, the amount we pay plus all of our expense in causing your compliance, shall become additional obligations and shall be paid by you together with the next due payment. This Agreement is for the benefit of and is binding upon you, your personal representatives, successors and assigns. Any notice required by this Agreement or the UCC shall be deemed to be delivered when a record properly directed to the intended recipient has been (a) deposited with the US Postal Service, (b) transmitted by facsimile, (c) transmitted through the Internet; or (d) has been personally delivered.

18. **CHOICE OF LAW; JURISDICTION:** THIS FINANCE AGREEMENT SHALL BE BINDING WHEN ACCEPTED IN WRITING BY US AT OUR OFFICE IN SOUTH CAROLINA AND YOU HEREBY ACKNOWLEDGE, UNDERSTAND AND AGREE THAT THIS FINANCE AGREEMENT SHALL BE GOVERNED AT ALL TIMES EXCLUSIVELY BY THE LAWS OF THE STATE OF SOUTH CAROLINA. YOU CONSENT TO THE JURISDICTION OF THE STATE OR FEDERAL COURTS LOCATED IN THE STATE OF SOUTH CAROLINA, COUNTY OF LEXINGTON, AND AGREE THAT ALL ACTIONS OR PROCEEDINGS INITIATED BY EITHER OF US ARISING DIRECTLY OR INDIRECTLY OUT OF THIS FINANCE AGREEMENT SHALL BE BROUGHT IN THE STATE OR FEDERAL COURTS LOCATED IN THE COUNTY OF LEXINGTON, SOUTH CAROLINA. IN THE EVENT THIS FINANCE AGREEMENT IS ASSIGNED BY US, YOU CONSENT TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS OF ASSIGNEE'S PRINCIPAL PLACE OF BUSINESS. You understand that your submission to jurisdiction directly benefits us and is an inducement to our entering into the Finance Agreement. You acknowledge your payments to us or to our assignee as a deliberate engagement of significant business activity within the state and county of the assignee such that you would anticipate being summoned into court within such state and county, should you breach any term or condition of this Finance Agreement. However, you agree that we or our assignee will have the right to commence any action in any court having the proper jurisdiction for that action. You agree and consent that we may serve legal papers on you by registered or certified mail, which shall be sufficient to obtain jurisdiction. YOU AND WE EACH HEREBY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING, CLAIM OR COUNTER CLAIM WHETHER IN CONTRACT OR TORT, AT LAW OR IN EQUITY, ARISING OUT OF OR IN ANY WAY RELATED TO THIS FINANCE AGREEMENT.

19. **MISCELLANEOUS:** Time is of the essence in this Agreement. You agree that; (a) any delay or failure by us to enforce our rights under this Agreement or any other agreements shall not prevent us from enforcing any rights at a later time; (b) this Agreement is intended to be a valid and legal document and if any part is determined to be unenforceable, all other parts will remain in full force and effect; (c) if any amount we charge you exceeds the maximum amount allowable under applicable law, any excess amount shall be refunded to you; (d) you grant us a security interest in the Equipment and any proceeds of, replacements, accessions and attachments to the Equipment as a security for your obligations; (e) we may provide information to and obtain information from credit reporting agencies at any time and may require you to provide the most recent versions of financial information you provided when applying for this Agreement; (f) any discounts we may negotiate with Vendor accrue solely to our benefit; (g) the original of this Agreement shall be that copy which bears your electronic, facsimile or original signature, and our electronic or original signature; and (h) we may file, at your expense with or without your signature, financing statements or other related filings in our name or in the name of any agent designated by us or our assigns in the form and content and from time to time as we deem proper, listing you as Debtor.

## PAY PROCEEDS DIRECTION TO FINANCE AGREEMENT

Debtor hereby irrevocably instructs Secured Party to pay the Vendor(s) listed below for the Equipment listed on Vendor(s) proposals approved by Debtor. Debtor acknowledges that the Equipment has been delivered and is acceptable in all respects OR the Equipment has NOT been delivered but Debtor hereby authorizes Secured Party to make payment to Vendor(s) in order to initiate delivery. Disbursement by Secured Party in accordance with the foregoing instructions shall constitute payment and delivery to and receipt by Debtor of any and all such proceeds. As authorized signatory for Debtor I acknowledge that when one or more such partial or complete disbursements are made, the Term of this Agreement shall begin and all obligations under the terms and conditions of the Agreement shall commence including the term and monthly payments. I further confirm that once a disbursement is made, none of Debtor's obligations under the Agreement shall be subject to claims, defenses, or setoffs in the event the Equipment is not delivered or is not satisfactory in all respects.

Vendor: PHYCON MEDICAL, INC     Vendor: PHYCON MEDICAL INC    Vendor: _____

Signature _____ Print Name _____ Title _____ Date _____

I hereby authorize, in my absence, _____ Telephone # _____ to orally verify my direction to disburse funds.

40201184

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Phone: (800) 331-3282 Fax: (818) 662-4141

B. E-MAIL CONTACT AT FILER (optional)
CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)   22515 - NAVITAS LEASE

CT Lien Solutions                50623035
P.O. Box 29071
Glendale, CA 91209-9071          FLFL

File with: Department of State, FL

FLORIDA SECURED TRANSACTION REGISTRY
# FILED
2015 Oct 06 AM 11:29
**** 201505251646 ****
***C * 100615727788801-38.00***38.00***

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME:

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| EIHAB H. TAWFIK, M.D., P.A. | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 7394 WEST GULF TO LAKE HIGHWAY | CRYSTAL RIVER | FL / 34429 | USA |

2. DEBTOR'S NAME:

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME:

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Navitas Lease Corp. ISAOA | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 111 Executive Dr., Suite 102 | Columbia | SC / 29210 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
see schedule a

[ ] All documentary stamps due and payable
or to become due and payable pursuant to s. 201.22 F.S. have been paid

[X] Florida documentary stamp tax is not required

5. Check only if applicable and check only one box: Collateral is [ ] held in a Trust [ ] being administered by a Decedent's Personal Representative
6a. [ ] Public-Finance Transaction [ ] Manufactured-Home Transaction [ ] A Debtor is a Transmitting Utility   6b. [ ] Agricultural Lien [ ] Non-UCC Filing
7. ALTERNATIVE DESIGNATION (if applicable): [X] Lessee/Lessor [ ] Consignee/Consignor [ ] Seller/Buyer [ ] Bailee/Bailor [ ] Licensee/Licensor
8. OPTIONAL FILER REFERENCE DATA:
50623035          40201184

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Prepared by CT Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

EXHIBIT "B"



40201184

# EQUIPMENT SCHEDULE "A"

Lease/Finance Agreement/Rental Agreement # 40201184
This Equipment Schedule "A" is to be attached to and become part of that Schedule of Equipment dated _____
by and between the undersigned and Navitas Lease Corp., Lessor/Secured Party/Rentor.

Equipment:

| # | Description |
|---|---|
| 1 | Nerve Conduction Velocity System |
|   | Automatic Nervous System 1 |
|   | Vascore System |
|   | Ultrasound Phillips "D" Cart |
|   | Vestibular Therapy System |
|   | Interocular Pressure Unit |
|   | Micro Vascular Therapy Unit |

This Equipment Schedule "A" is hereby verified as correct by the undersigned Lessee/Secured Party/Rentee, who acknowledges receipt of a copy. This document may be executed by facsimile, electronic or original signature and such a copy shall be treated as an original for all purposes.

**Lessee/Debtor:**   TAWFIK EQUIPMENT HOLDINGS PALM HARBOR, LLC

Signature: _____

Title: _____ owner/president