UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:                                             CASE NO.   3:18-bk-01164-JAF

EIHAB H. TAWFIK, M.D., P.A.,                       CHAPTER 11

Debtor.
_____/

## VERIFIED MOTION TO EXCUSE DEBTOR FROM APPOINTMENT OF PATIENT CARE OMBUDSMAN

EIHAB H. TAWFIK, M.D., P.A., the debtor and debtor in possession in the above-captioned case (the "Debtor"), by and through its undersigned counsel, pursuant to Section 333(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2007.2 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in response to the Court's Notice Regarding the Appointment of a Patient Care Ombudsman (Doc. No. 22), hereby files this motion for entry of an order determining that appointment of a patient care ombudsman for the Debtor is not required at this time. In support of this motion, the Debtor states as follows:

### General Background

1. On April 11, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. As of the date of this motion, no official committee of unsecured creditors has been appointed.

2. The Debtor owns and operates medical clinics in five locations in the Central Florida area. Those locations are located in Crystal River (2 locations), Celebration, Ocala, and Spring Hill (collectively the "Clinics"). The Clinics provide ambulatory care to patients with services including, but not limited to, internal medicine, urgent care, cardiology, diabetes treatment, podiatry, full

1

imaging services and pain management. The Debtor employs 4 doctors; 1 physician's assistant, 10 medical assistants, six medical technicians, 3 medical supervisors, and 10 administrative staff. Patient records are stored at Debtor's principal place of business located at: 7394 West Gulf to Lake Highway, Crystal River, Florida 34429 and are also stored electronically by eClinicalWorks, the leading provider for cloud-based electronic health record software in the healthcare industry.

3. The Debtor's business and revenue is generated from claims submitted to Medicare (60% of revenue), Medicaid (30% of revenue) and private insurance (10% of revenue).

4. As of the Petition Date, the Debtor was in compliance with all applicable health regulations, and had no complaints or issues regarding patient care. The reason for the Debtor's bankruptcy filing was completely unrelated to the level of patient care provided by the Surgical Center.

## Reasons for Filing Bankruptcy

5. To support the growth of its medical practice, the Debtor took out secured loans from various creditors to purchase certain medical equipment and machinery. The Debtor also guaranteed various loan obligations related to the purchase of real estate owned by its affiliated companies. In 2017, Medicare commenced a challenge to certain billing codes entered by the Debtor with respect to claims submitted for the prior few years. As a result, Medicare began offsetting the claims that the Debtor was attempting to process through Medicare from late 2017 through the Petition Date. This setoff had a significant negative impact on the Debtor's revenue stream, cutting it by as much as 60%.

6. As a direct result, the Debtor became delinquent with its secured and unsecured lenders. These lenders subsequently filed various lawsuits against the Debtor and other non-debtor entities and individuals. In one such lawsuit, Central Bank obtained a replevin order allowing it to begin the process of taking possession of Debtor's medical equipment, which also served as

collateral to Central Bank's $2,600,000.00 loans. Because the Debtor could not provide patient care without its medical equipment, Debtor filed the instant bankruptcy case to preserve the going concern value of its operations for the benefit of its estate and creditors.

## Applicable Law

7. Appointment of a patient care ombudsman is within the Court's discretion. Section 333(a)(1) of the Bankruptcy Code provides that "[i]f the debtor . . . is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business *unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case.*" 11 U.S.C. § 333(a)(1) (emphasis added).

8. While neither the Bankruptcy Code nor Bankruptcy Rules provide guidance for a bankruptcy court's analysis of whether the appointment of a patient care ombudsman is necessary, courts have developed and applied a totality of the circumstances approach to determine whether an ombudsman is necessary, and in doing so evaluate nine non-exclusive factors, including:

   (i) the cause of the bankruptcy;
   (ii) the presence and role of licensing or supervising entities;
   (iii) the debtor's past history of patient care;
   (iv) the ability of the patients to protect their rights;
   (v) the level of dependency of the patients on the facility;
   (vi) the likelihood of tension between the interests of the patients and the debtor;
   (vii) the potential injury to the patients if the debtor drastically reduced its level of patient care;
   (viii) the presence and sufficiency of internal safeguards to ensure appropriate level of care; and;
   (ix) the impact of the cost of an ombudsman on the likelihood of a successful reorganization.

*In re Alternate Family* Care, 377 B.R. 754, 758 (Bankr. S.D. Fla. 2007) (finding a patient care ombudsman not necessary for a state licensed child placing and caring agency under the facts of the case); *see also In re Pediatrics at Whitlock, P.C.*, 507 B.R. 10, 11-13 (Bankr. N.D. Ga. 2014)

(appointment of patient care ombudsman unnecessary because (a) the debtor's bankruptcy was not predicated on deficiencies in patient care, (b) there was no tension between the debtor's interests with its patients' interests because a decline in patient care would injure the facility's reputation leading to lower referrals and revenue, and (c) the cost would outweigh the value of an ombudsman); *In re William L. Saber, M.D., P.C.*, 369 B.R. 631, 637-38 (Bankr. D. Colo. 2007) (finding appointment of an ombudsman unnecessary for the debtor given that the debtor's bankruptcy filing was not precipitated by concerns relating to the quality of patient care); *In re Valley Health System*, 381 B.R. 756, 762 (Bankr. C.D. Cal. 2008) (holding that appointment of a patient care ombudsman was unnecessary considering the totality of the facts and circumstances, even though patients were dependent on the debtor and would be injured if the debtor reduced its level of patient care).

**Appointment of a Patient Care Ombudsman is Not Warranted Under the Facts of this Case**

9. Applying the *Alternate Family Care* factors to the facts of the instant case, it is clear that the appointment of a patient care ombudsman under section 333 of the Bankruptcy Code is not necessary.

10. *First*, the Debtor's chapter 11 filing was not "precipitated by concerns relating to the quality of patient care or privacy matters." *Saber*, 369 B.R. at 637. Rather, the Debtor sought relief primarily due, among other things, to the burden of debt service obligations and recent reductions in government reimbursement for the Debtor's high proportion of Medicare services. See *Valley Health System*, 381 B.R. at 759 (finding ombudsman unnecessary in case precipitated by the burden of servicing bond debt).

11. *Second*, the Debtor is subject to extensive oversight by multiple government agencies and professional associations, thus there is no need for additional oversight. For example, the Debtor is required by the United States Department of Health and Human Services and the Florida Department of Health to maintain a particular quality of patient care. *See North Shore*, 400 B.R. at

13 (Department of Health monitoring weighed against appointment of an ombudsman). Moreover, because Medicare and Medicaid reimbursements are essential to the Debtor's operations, the Debtor is required to maintain, and has an incentive to continue maintaining its certification with the Centers for Medicare and Medicaid Services (CMS), which requires compliance with the conditions of participation relating to, among other things, quality of care.

12.     *Third*, historically, the Debtor has received relatively few patient complaints in comparison to the number of patients it services. *See North Shore*, 400 B.R. at 13 (debtor's history of high quality of patient care and minimal patient complaints weighed against appointment of ombudsman). In fact, the Debtor has received one patient complaint since the Debtor's formation in 2005, which is particularly notable in light of the number of patients it has served. That compliant was submitted to the Florida Department of Health in 2011 and was promptly addressed. Since 2011, no complaints have been filed with the Florida Department of Health with respect to Debtor's patient care services.

13.     *Fourth*, the Debtor's patients are able to protect their rights despite the Debtor's bankruptcy filing because the patients' primary relationship is with the treating physicians (who are not in bankruptcy), not the Debtor. The Debtor merely provides the facilities, nurses, and technicians used by the various treating physicians. Thus, the patients are able to protect their rights *viz a viz* their physicians despite the Debtor's bankruptcy filing.

14.     *Fifth*, like the fourth factor, this factor weighs in favor of not appointing an ombudsman because patients are not dependent upon the Debtor's facilities. Debtor provides ambulatory care, not long-term patient care which requires overnight stays. Accordingly, any dependency on the Debtor's facilities is relatively minimal.

15.     *Sixth*, it is unlikely that the interests of the Debtor and its patients will diverge throughout the pendency of this case. All parties' interests are aligned in seeking a successful

reorganization of the Debtor in an expeditious manner so that the Debtor can continue serving the community. Furthermore, the Debtor has an interest is providing top quality patient care in order to maintain the Debtor's high standing reputation, which leads to increased revenue and successful business operations. *See Pediatrics at Whitlock*, 507 B.R. 10, 11-13 (debtor's interest in preserving patient care to preserve future revenues favored not appointing ombudsman). The Debtor intends to maintain its current high level of patient care throughout the pendency of this case, and will not compromise such standards to effectuate its reorganization. Thus, there is simply no reason to believe the Debtor's interests will become adverse to that of its patients during the pendency of this bankruptcy case.

16. *Seventh*, as previously stated, because there is no reason to believe the Debtor's level of patient care will decline because of its bankruptcy filing, the Debtor does not believe this factor applies.

17. *Eighth*, the Debtor has internal safeguards in place for patient safety and care, and, as stated previously, must comply with all applicable state and federal regulations. The Debtor has multiple binders full of written policies and procedures for infection control and patient safety. These procedures ensure the Debtor, and its staff, comply with all applicable state and federal regulations. Evidencing the effectiveness of its internal policies and procedures, as noted above, Debtor has received few patient complaints and no infraction notifications from any regulatory body since 2005. Thus, in light of the effective policies and procedures currently in place and the high quality of Debtor's existing patient care, Debtor submits that this factor weighs against the appointment of an ombudsman.

18. *Ninth*, the substantial expense associated with appointing an ombudsman would deplete estate resources, particularly where any such ombudsman's efforts would be duplicative of the existing internal safeguards and external governmental oversight and regulations already in place.

Therefore, in light of the fees that would be incurred by any ombudsman or professionals retained by such ombudsman, an ombudsman would only serve to reduce the Debtor's estate to the detriment of Debtor's patients, creditors and parties in interest, and would be unlikely to contribute additional services that would enhance patient health and safety. *See Valley Health System*, 381 B.R. at 764-65 (ombudsman would duplicate debtor's internal monitor and external state monitoring); *Alternate Family Care*, 377 B.R. at 761 (ombudsman costs could preclude reorganization).

19. Dr. Eihab H. Tawfik, M.D. has reviewed and verifies the truth of the contents of this Motion by affidavit included herewith.

**WHEREFORE**, the Debtor respectfully requests the Court enter an order finding and ordering the appointment of a patient care ombudsman unnecessary under the facts of this case, and providing such other relief as is just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 1st day of May 2018.

/s/ Justin M. Luna
**Justin M. Luna, Esq.**
Florida Bar No. 0037131
jluna@lseblaw.com
**Daniel A. Velasquez, Esq.**
Florida Bar No. 0098158
dvelasquez@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
bknotice@lseblaw.com
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile: 407-481-5801
*Attorneys for the Debtor*

## VERIFICATION

STATE OF FLORIDA    )
                    )
COUNTY OF Citrus    )

    Before me, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared Dr. Eihab H. Tawfik, M.D. ("Affiant"), who, after being first duly sworn, deposes and says that Affiant is the sole Member, Manager and Medical Director of Eihab H. Tawfik, M.D. P.A. (the "Debtor"), and that, in such capacity, Affiant has authority to make this verification on behalf of the Debtor; that Affiant declares under penalty of perjury, that Affiant has read the Verified Motion and states that the facts and matters alleged and contained therein are true and correct; and that the Affiant has made this affidavit either upon his own personal knowledge of the Debtor's operations and procedures.

**EIHAB H. TAWFIK, M.D., P.A.**

By: _____
    Dr. Eihab H. Tawfik
Its:    Managing Member


STATE OF FLORIDA    )
                    )
COUNTY OF Citrus    )

    Sworn to and subscribed before me this 30 day of April, 2018 by **Dr. Eihab H. Tawfik**, on behalf of Eihab H. Tawfik, M.D., P.A., who is personally known to me or who produced _____ as proper identification, and who did take an oath, and swears that the foregoing is true and correct.

_____
Notary Public, State of Florida
Printed Name: Deborah Corden
Commission Expires: Dec 21, 2018
Commission No.: FF 154020

DEBORAH CORDEN
Notary Public - State of Florida
My Comm. Expires Dec 21, 2018
Commission # FF 154020
Bonded through National Notary Assn.

8

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:                                         CASE NO.   3:18-bk-01164-JAF

EIHAB H. TAWFIK, M.D., P.A.,                   CHAPTER 11

        Debtor.
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the forgoing **VERIFIED MOTION TO EXCUSE DEBTOR FROM APPOINTMENT OF PATIENT CARE OMBUDSMAN** has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: **EIHAB H. TAWFIK, M.D., P.A.**, c/o Eihab H. Tawfik, 7394 West Gulf to Lake Highway, Crystal River, Florida 34429; **CENTRAL BANK**, c/o Megan W. Murray, Esq., 101 E. Kennedy Blvd., Suite 1700, Tampa, Florida 33602 (mwmurray@trenam.com); **IBERIABANK** c/o Michael S. Waskiewicz, Esq., 50 North Laura Street, Suite 3000, Jacksonville, Florida 32202 (mwaskiewicz@burr.com); **National Radiology Solutions Group, PLLC**, J. Ben Vitale, 9040 Town Center Parkway, Lakewood Ranch, Florida 34202, bvitale@vitalefirm.com; **Navitas Credit Corp.**, c/o Eric B. Zwiebel, Esq., 7900 Peters Road, Building B, Suite 100, Plantation, Florida 33324; Colonial Funding Network, Inc., c/o Donald R. Kirk, 4221 W. Boy Scout Blvd., Suite 1000, Tampa, Florida 33607, dkirk@carltonfields.com; all creditors and interested parties as shown on the matrix attached hereto, and the **UNITED STATES TRUSTEE – JAX11**, Office of the United States Trustee, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, on this 1st day of May 2018

                                       /s/ Justin M. Luna
                                       **Justin M. Luna, Esq.**

```
Label Matrix for local noticing          COLONIAL FUNDING NETWORK, INC. as Servicing    Central Bank
113A-3                                   c/o Donald R. Kirk                             c/o Trenam Law
Case 3:18-bk-01164-JAF                   Carlton Fields                                 Megan W. Murray
Middle District of Florida               P.O. Box 3239                                  101 E Kennedy Boulevard, #2700
Jacksonville                             Tampa, FL 33601-3239                           Tampa, FL 33602-5150
Tue Apr 24 11:51:14 EDT 2018

Eihab H. Tawfik, M.D., P.A.              IBERIABANK                                     Navitas Credit Corp. f/k/a Navitas Lease Cor
7394 West Gulf to Lake Highway           c/o Michael S. Waskiewicz, Esq.                c/o Emanuel & Zwiebel, PLLC
Crystal River, FL 34429-7802             Burr & Forman LLP                              7900 Peters Road
                                         50 N. Laura Street, Suite 3000                 Building B
                                         Jacksonville, FL 32202-3658                    Suite 100
                                                                                        Plantation, FL 33324-4045

Alyouzbaki Tawfik                        Balboa Capital Corp.                           Baytree Nat. Bank & Trust Co
c/o Joseph C. Crawford, Esq.             575 Anton Blvd., 12th Floor                    664 N Western Ave.
50 N Laura St, Ste 2600                  Costa Mesa, CA 92626-7169                      Laek Forest, IL 60045-1951
Jacksonville, FL 32202-3629


Burr & Foreman, LLP                      CAPALL, LLC                                    CCM Capital Collection Mgmt
Attn: Michael S. Waskiewicz              122 East 42nd St., Ste. 2112                   115 Solar Street, Suite 100
50 North Laura St., Ste 3000             New York, NY 10168-2100                        Syracuse, NY 13204-5407
Jacksonville, FL 32202-3658


CHTD Company                             CT Corporation System                          CT Lien Solutions
PO Box 2576                              Attn: SPRS                                     PO Box 29071
Springfield, IL 62708-2576               330 N. Brand Blvd, Ste 700                     Glendale, CA 91209-9071
                                         Glendale, CA 91203-2336


Cassidy Abbott Orr                       Central Bank                                   Central Bank
c/o Jay P. Lechner, Esq.                 20701 Bruce B. Downs Blvd                     c/o Megan W. Murray, Esq.
One Progress Plaza                       Tampa, FL 33647-3676                           101 E Kennedy Blvd, Ste 1700
200 Central Ave., #400                                                                  Tampa, FL 33602-3647
St. Petersburg, FL 33701-4356


Citrus County Tax Collector              Citrus Diabetes Treatment                      Citrus Diabetes Treatment
210 N. Apopka Ave Ste 100                Center, LLC                                    Center, LLC
Inverness FL 34450-4298                  7394 W. Gulf to Lake Hwy                       7450 W. Gulf to Lake Hwy
                                         Crystal River, FL 34429-7802                   Crystal River, FL 34429


Colonial Funding Network                 Complete Business Solutions                    Corporation Service Co.
120 West 45th Street                     22 North 3rd Street                            801 Adlia Stevenson Dr
New York, NY 10036-4195                  Philadelphia, PA 19106-2113                    Springfield, IL 62703-4261


Corporation Service Co.                  Creekridge Capital, LLC                        DLI Assets Bravo, LLC
PO Box 2576                              7808 Creekridge Cir. Ste 250                   550 N. Brand Blvd. Ste. 2000
Springfield, IL 62708-2576               Edina, MN 55439-2647                           Glendale, CA 91203-1935


Danco Medical, Inc.                      Dr. Eihab H. Tawfik, MD                        ELM Services
c/o Ashley H. Lukis, Esq.                7394 West Gulf to Lake Highway                 PO Box 15270
PO Box 11189                             Crystal River, FL 34429-7802                   Irvine, CA 92623-5270
Tallahassee, FL 32302-3189
```

```
First Coast Service Options            First Corporation Solutions           Florida Dept. of Revenue
Medicare Part B Overpayment            914 S. Street                         Bankruptcy Unit
PO Box 45248                           Sacremento, CA 95811-7025             P.O. Box 6668
Jacksonville, FL 32232-5248                                                  Tallahassee, FL 32314-6668


Fred E. Moore, Esq.                    GE Healthcare                         Gurley Vitale, P.A.
801 11th Street West                   c/o Richard P. Joblove, Esq.          Attn: J. Ben Vitale, Esq.
Bradenton, FL 34205-8432               12372 Southwest 82nd Ave.             601 S. Osprey Ave.
                                       First Floor                           Sarasota, FL 34236-7526
                                       Miami, FL 33156-5223


Huntington Tech. Finance               IberiaBank                            Internal Revenue Service
2285 Franklin Road                     PO Box 53207                          PO Box 7346
Bloomfield Hills, MI 48302-0364        Lafayette, LA 70505-3207              Philadelphia, PA  19101-7346


Key Equipment Finance Inc.             LiftForward, Inc.                     Lysoft Media
1000 South McCaslin Blvd.              c/o LF Collateral SPV I, LLC          c/o Colonial Funding Network
Superior, CO 80027-9441                180 Maiden Lane, 10th Floor           120 West 45th Street
                                       New York, NY 10038-5178               New York, NY 10036-4195


Macquarie Equipment Finance            McKesson Corporation                  Medicare Part B Cash Mgmt
2285 Franklin Rd., Ste. 100            401 Mason Road                        c/o First Coast Srvc Options
Bloomfield Hills, MI 48302-0363        La Vergne, TN 37086-3243              PO Box 44141
                                                                             Jacksonville, FL 32231-4141


Merchant Cash & Capital LLC            National Radiology Sol Group          National Radiology Solutions Group, PLLC
450 Park Ave. S., 11th Floor           101 Alycia Drive                      c/o J. Ben Vitale
New York, NY 10016-7320                Richmond, KY 40475-2368               Vitale Law, P.A.
                                                                             9040 Town Center Blvd.
                                                                             Lakewood Ranch, FL 34202-4101


Navitas Credit Corp.                   Navitas Credit Corp. f/k/a Navitas Lease Cor   Navitas Lease Corp. ISAOA
P.O. Box 935204                        c/o Emanuel & Zwiebel, PLLC           111 Executive Dr., Ste. 102
Atlanta, GA 31193-5204                 7900 Peters Road                      Columbia, SC 29210-8414
                                       Building B, Suite 100
                                       Plantation, Florida 33324-4045


Nicole Richardson                      Pamela Rizzo-Alderson                 Quarterspot Inc.
c/o Matthew W. Birk, Esq.              c/o Jay P. Lechner, Esq.              4601 N Fairfax Dr, Ste 1120
309 NE 1st Street                      One Progress Plaza                    Arlington, VA 22203-1547
Gainesville, FL 32601-5310             200 Central Ave., Ste. 400
                                       St. Petersburg, FL 33701-4356


Secretary of the Treasury              Secured Lender Solutions LLC          Stress Free Capital, LLC
15th & Pennsylvania Ave., NW           PO Box 2576                           2501 Hollywood Blvd, Ste 210
Washington, DC 20220-0001              Springfield, IL 62708-2576            Hollywood, FL 33020-6632


SunTrust Bank                          U.S. Securities & Exchange Commission  US Dept of Treasury
Attn: Support Services                 Office of Reorganization              Bureau of the Fiscal Service
P.O. Box 85092                         950 East Paces Ferry Road, N.E.       PO Box 830794
Richmond, VA 23286-0001                Suite 900                             Birmingham, AL 35283-0794
                                       Atlanta, GA 30326-1382
```

| | | |
|---|---|---|
| US Dept of Treasury<br>PO Box 979101<br>St. Louis, MO 63197-9000 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 | Vangaurd Medical Mgmt LLC<br>c/o Jay P. Lechner, Esq.<br>One Progress Plaza<br>200 Central Ave., #400<br>St. Petersburg, FL 33701-4356 |
| Yellowstone Capital, LLC<br>30 Broad Street<br>14th Floor, Ste. 1462<br>New York, NY 10004-2304 | Yes Funding Services, LLC<br>c/o Douglas Robinson, Esq.<br>122 East 42nd St., Ste. 2112<br>New York, NY 10168-2100 | Donald R Kirk +<br>Carlton Fields, P.A.<br>P.O. Box 3239<br>Tampa, FL 33601-3239 |
| United States Trustee - JAX 11 +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Elena L Escamilla +<br>Office of the United States Trustee<br>400 W. Washington Street<br>Suite 1100<br>Orlando, FL 32801-2440 | Michael S Waskiewicz +<br>Burr & Forman, LLP<br>50 North Laura Street, Suite 3000<br>Jacksonville, FL 32202-3658 |
| Eric B Zwiebel +<br>Eric B Zwiebel, P.A.<br>Executive Court at Jacoranda<br>7900 Peters Road, Building B, Suite 100<br>Plantation, FL 33324-4045 | Justin M. Luna +<br>Latham, Shuker, Eden & Beaudine, LLP<br>P.O. Box 3353<br>Orlando, FL 32802-3353 | Megan Wilson Murray +<br>Trenam Kemker<br>101 East Kennedy Boulevard<br>Suite 2700<br>Tampa, FL 33602-5170 |
| Daniel A Velasquez +<br>Latham Shuker Eden Beaudine LLP<br>111 N. Magnolia Avenue<br>Suite 1400<br>Orlando, FL 32801-2367 | J Ben Vitale +<br>Vitale Law, P.A.<br>9040 Town Center Parkway<br>Lakewood Ranch, FL 34202-4101 | Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Jerry A. Funk<br>Jacksonville | (u)National Radiology Solutions Group, PLLC | (d)COLONIAL FUNDING NETWORK, INC. as Servicin<br>c/o Donald R. Kirk<br>Carlton Fields<br>P.O. Box 3239<br>Tampa, FL 33601-3239 |
| (d)IBERIABANK<br>c/o Michael S. Waskiewicz, Esq.<br>Burr & Forman LLP<br>50 N. Laura Street, Suite 3000<br>Jacksonville, FL 32202-3658 | End of Label Matrix<br>Mailable recipients    74<br>Bypassed recipients     4<br>Total                  78 | |