ORDERED.

Dated: May 24, 2018

_____
Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In Re: | Chapter 11 |
| EIHAB H. TAWFIK, M.D., P.A., <br> d/b/a Christ Medical Center <br> d/b/a Town Center Medical Celebration | Case No.: 3:18-bk-01164-JAF |
|    Debtor. <br> _____/ | |

**AGREED ORDER DENYING NAVITAS CREDIT CORP. F/K/A
NAVITAS LEASE CORP.'S VERIFIED MOTION FOR RELIEF FROM
AUTOMATIC STAY (DOC. 31); AND GRANTING ADEQUATE PROTECTION**

THIS PROCEEDING having come before the Court upon the Creditor, NAVITAS CREDIT CORP. f/k/a NAVITAS LEASE CORP.'s ("NAVITAS") Verified Motion for Relief from Automatic Stay, or in the Alternative for Adequate Protection (Doc. 31). By submission of this Order for entry, the submitting counsel represents that the opposing party consents to its entry. The Court having reviewed the Motion and being otherwise duly advised, and in the premises, it is:

Accordingly, it is ORDERED:

1. That NAVITAS' Motion for Relief for Automatic stay is denied, without prejudice.

2. NAVITAS holds a first priority, perfected security interest, with no defenses, counterclaims, or rights to setoff in the following equipment:

> **One (1) Nerve Conduction Velocity System (Automatic Nervous System 1, Vascore System, Ultrasound Phillips "D" Cart, Vestibular Therapy System, Interocular Pressure Unit, Micro Vascular Therapy Unit)**

(the "Collateral").

3. By agreement of the parties, and for the purposes of the adequate protection payments only, the valuation of NAVITAS' Collateral is $75,000.00.

4. That as a condition of this Court denying NAVITAS' Motion for Relief from the Automatic Stay, EIHAB H. TAWFIK, M.D., P.A. d/b/a Christ Medical Center d/b/a Town Center Medical Celebration (hereinafter "DEBTOR") shall comply with all the terms and conditions of this Order.

5. By agreement of the parties, that as future adequate protection, DEBTOR shall pay NAVITAS on its claim in the amount of $75,000.00 over 60 months, with 4% interest, and agrees to pay monthly adequate protection payments of $1,381.24. The DEBTOR shall make adequate protection payments to the Creditor, NAVITAS commencing August 20, 2018, and continuing on the 20th day of each and every month thereafter until the full amount of NAVITAS' claim is paid in full. Payments will be applied in accordance with the terms of the Finance Agreement.

6. All payments due hereunder shall be made to: NAVITAS CREDIT CORP., Post Office Box 935204, Atlanta, GA 31193-5204, unless otherwise instructed by NAVITAS.

7. All sales tax and personal property tax, and other taxes associated with the Collateral shall be paid by DEBTOR and shall be the full responsibility of the DEBTOR, and shall be paid in a timely manner.

8. That the DEBTOR shall maintain insurance coverage as required by the by the Contract and documents associated therewith; as required by law; needed to protect the Collateral adequately in an amount sufficient to cover the full value thereof, including, but not limited to public liability insurance, fire and extended coverage insurance, burglary and theft insurance; such insurance coverage to be placed with such companies, in such amounts, and with beneficial interest appearing therein as is prudent. NAVITAS shall be named as a "loss payee" to the extent of its interest in the Collateral and as an "additional insured" on any such policy and shall be provided with any and all notices under the insurance policy(ies). The DEBTOR shall provide proof of said

insurance within twenty-one (21) days of the date of this Order.

9. The DEBTOR shall keep the Collateral in good and reasonable condition and shall perform regular maintenance on same in accordance with commercially reasonable maintenance standards for such equipment. NAVITAS shall be provided access to inspect the Collateral upon ten (10) days telephonic notice to DEBTOR.

10. That except as specifically modified herein, all provisions of the Finance Agreement and other attachments shall remain unchanged and in full force and effect and this Order shall not have any effect whatsoever on any personal guaranties, if any.

11. That DEBTOR shall strictly comply with the terms of this Order. If DEBTOR fails to strictly comply with the terms of this Order, Creditor, NAVITAS, shall email notification of the default to Debtor's counsel, Daniel Velasquez, Esq., at dvelasquez@lseblaw.com giving the DEBTOR 72 hours to cure the default. That should the DEBTOR fail to cure the default within 72 hours of the email notification, NAVITAS may file an affidavit of such fact reflecting a default, the notification to cure, and the failure of the DEBTOR to cure the default. The DEBTOR then shall have 72 hours to file a counter-affidavit with the Court stating such facts sufficient to prove to the Court that DEBTOR is not in default of this Order. If DEBTOR fails to file a counter-affidavit within 72 hours, the automatic stay imposed by 11 U.S.C. §362 shall terminate as to NAVITAS' Collateral to allow NAVITAS to obtain possession of and dispose of such its Collateral, to exercise any rights granted to it by state and/or federal law, and to exercise all rights granted to it by the agreement of the parties, including, but not limited to, serving all notices required to preserve any deficiency claim with a provision included therein that the DEBTOR shall fully cooperate with NAVITAS' recovery of the Collateral, an Order lifting the automatic stay imposed by 11 U.S.C. §362 shall be entered by the Court without further notice and hearing, and by consenting to this Order, DEBTOR consents to the entry of such Order granting relief from the automatic stay and hereby waives the provision of Bankruptcy Rule 4001(a)(3) relating to the ten day stay following the entry of an order granting relief from the automatic stay. If DEBTOR files a counter-affidavit within

72 hours of NAVITAS' affidavit of default, the Court shall schedule an expedited hearing on the earliest available date and time of the Court. DEBTOR shall bear the burden of proof of any all such contentions asserted by the counter-affidavit. Each affidavit described herein shall be served on the same date it is filed with the Court.

12. Upon termination of the automatic stay imposed by §362(a) of the Bankruptcy Code as set forth in this Order, NAVITAS, without further order of the Bankruptcy Court, shall be, and will be, immediately entitled to exercise all rights and remedies available to it under applicable non-bankruptcy law.

13. The DEBTOR will not cause any further liens to attach to NAVITAS' Collateral. No other costs and expenses of administration shall be imposed upon NAVITAS or its Collateral under any Chapter of the Bankruptcy Code, whether by means of a surcharge under 11 U.S.C. 506(c).

14. This Order shall not prejudice the rights of any other creditor or the Court, with regard to the valuations set forth in this Order, or the DEBTOR's or NAVITAS' respective rights to petition the Bankruptcy Court for additional relief in the event of changed circumstances.

Attorney Eric B. Zwiebel, Esq., is directed to serve a copy of this order on interested parties who do not receive served by CM/ECF and file a proof of service within three days of the entry of the order.